[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10380

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CEDRICK PONDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:05-cr-20664-DLG-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Cedrick Ponder appeals the district court's denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A) and its denial of reconsideration. He argues that the district court abused its discretion when it found that the 18 U.S.C. § 3553(a) factors did not support reducing his sentence and his susceptibility to COVID-19 did not constitute extraordinary and compelling reasons for his release.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review a district court's decision as to whether to reduce a sentence under § 3582(c)(1)(A) for abuse of discretion. *Id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). We may affirm on any ground supported by the record. *United States v. Gibbs*, 917 F.3d 1289, 1294 n.1 (11th Cir. 2019).

We review the denial of a motion for reconsideration for an abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). The only grounds for granting a motion for reconsideration are newly discovered evidence or manifest errors of

law or fact and such a motion cannot be used to relitigate old matters. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The statute provides that a court may not modify a term of imprisonment once it has been imposed except under certain circumstances and further provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and is instead a claims-processing rule. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court is required to consider the applicable factors in § 3553(a), and any reduction in sentence must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which states that the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). The district court is to consider the following factors when determining whether an individual is a danger to another person or the community: the nature and circumstances of the offense charged; the weight of the evidence against the individual; the history and characteristics of the individual, including his past conduct, criminal history, and health; and the nature and seriousness of the danger that would be posed by the individual's release. 18 U.S.C. § 3142(g).

An application note to § 1B1.13 lists four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant"; "(B) Age of the Defendant"; "(C) Family Circumstances"; and "(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, comment. (n.1). Relevant here, a defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also provides, under the "catch-all" provision,

that a prisoner may be eligible for a sentence reduction if the BOP Director determines that there are extraordinary and compelling reasons other than, or in combination with, the other specific examples listed. *Id.*, comment. (n.1(D)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason. *Id.*, comment. (n.3).

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners. 996 F.3d at 1251-59. We thus held that § 1B1.13 continues to constrain a district court's ability to evaluate whether there are extraordinary and compelling reasons warranting a sentence reduction. *Id.* at 1252. Next, we held that the catch-all provision in Application Note 1(D) "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248, 1263-65. Finally, we held that, because Bryant's motion did not fall within any of the reasons that § 1B1.13 identified as extraordinary or compelling, the district court correctly denied his motion for a reduction in sentence. *Id.* at 1265.

In *Cook*, we held that a district court abuses its discretion if it fails to consider all applicable § 3553(a) factors before granting or denying a motion for compassionate release. 998 F.3d at 1184-86. A district court must explain its decision sufficiently to allow for meaningful appellate review, *i.e.,* to allow a court of appeals to determine whether the district court considered the applicable factors. *Id.* at 1184-85. In *United States v. Tinker*, we held that a district court does not procedurally err when it denies a request for

compassionate release based on the § 3553(a) factors or § 1B1.13's policy statement without first explicitly determining whether the defendant has demonstrated extraordinary and compelling circumstances. 14 F.4th 1234, 1240 (11th Cir. 2021). We also held that a court is not required to expressly discuss all of the defendant's mitigating evidence regarding COVID-19 and his medical conditions, or even every § 3553(a) factor. *Id.* at 1241.

A sentence may be affirmed if the record indicates that the court considered a number of the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that, while the district court did not specifically state that it had considered the factors, it necessarily considered a number of them by entertaining the defendant's objections and motion for a downward departure). The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid

disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

Here, the district court did not abuse its discretion in denying Ponder's motion for compassionate release because it sufficiently addressed the § 3553(a) factors and explained its decision to allow for meaningful appellate review. The district court was permitted to consider the § 3553(a) factors or § 1B1.13's policy statement without first explicitly determining whether Ponder was eligible for relief. Consistent with *Cook*, the district court noted that it had considered the § 3553(a) factors, it was not required to state that it considered each of them, and it had discretion to give more weight to certain factors.

We further conclude that the district court did not abuse its discretion in denying Ponder's motion for reconsideration. While the district court may have misstated when Ponder had been sentenced for his previous state crimes, the court in its order denying reconsideration clarified that its emphasis was on Ponder's dangerousness and that he committed three violent crimes. We therefore affirm the district court's denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A) and its denial of reconsideration order.

**AFFIRMED.**